IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN L. MALONE, | § | |
| Plaintiff, | § | |
| | § | No. 3:06-CV-1642-B |
| v. | § | ECF |
| | § | |
| HONORABLE ED KINKEADE and | § | |
| STEPHEN MILLER, | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are the Honorable Ed Kinkeade and assistant district attorney Stephen Miller.

**II. Background**

Plaintiff's complaint is intertwined with a state court conviction and two previous federal habeas corpus petitions. Plaintiff was convicted of sexual assault of a child younger than 14 years of age in the 194th Judicial District Court of Dallas County, Texas. On December 4, 1985, punishment was assessed at forty years imprisonment. The Court of Appeals affirmed the conviction. Plaintiff filed two federal petitions for writ of habeas corpus. *See Malone v. Dretke*,

**Findings and Conclusions of the
United States Magistrate Judge**          Page -1-

3:03-CV-2204-N (N.D. Tex., Dallas Div.) and *Malone v. Dretke*, 3:05-CV-1990-D (N.D. Tex., Dallas Div.). The first petition was dismissed as barred by limitations. The second petition was dismissed as successive.

Plaintiff's original complaint in this case alleged that Judge Kinkeade, who was the judge in Plaintiff's state criminal trial, and the federal District Clerk's Office fraudulently prevented Plaintiff from appealing the dismissal of his second federal habeas petition as successive. Plaintiff's answers to the Magistrate Judge's Questionnaire, however, appear to abandon these claims. Plaintiff states he misunderstood the habeas court's order and erroneously filed his motion to file a second or successive § 2254 petition in his objections to the Magistrate Judge's findings, rather than with the Fifth Circuit Court of Appeals. Plaintiff then argues that Judge Kinkeade committed aggravated perjury during Plaintiff's criminal trial when he read the indictment and charging instrument to the jury. He also alleges that Judge Kinkeade knew the indictments were fabricated and forged. He claims that assistant district attorney Miller fabricated the two indictments from his criminal trial.

Finally, in his response to the Magistrate Judge's Questionnaire, Plaintiff states that he seeks to "reestablish" the claims that were dismissed in his successive § 2254 petition.

## III. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## IV. Discussion

**1.** *Heck v. Humphrey*

In *Heck v. Humprey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's claims against Judge Kinkeade and assistant district attorney Miller are clearly connected to the legality of his conviction. A finding in favor of Plaintiff would imply the

invalidity of his conviction. Plaintiff's conviction, however, has not been reversed, expunged, or otherwise invalidated. (*See* Magistrate Judge's Questionnaire, Answer No. 2).[1] Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

## 2. Habeas claims

Plaintiff seeks to "reestablish" his § 2254 claims from *Malone v. Dretke*, No. 3:05-CV-1990-D. On November 14, 2005, this habeas case was dismissed as successive. The Court's order of dismissal stated that Plaintiff was required to obtain permission from the Fifth Circuit Court of Appeals to file a second or successive § 2254 petition. Petitioner cannot seek to reestablish that cause of action in this civil rights case. Petitioner's claim should be denied.

## **RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims under 42 U.S.C. § 1983 be dismissed with prejudice until the *Heck* conditions are met; and (2) Plaintiff's habeas claims be dismissed without prejudice to seeking permission from the Fifth Circuit Court of Appeals to file a second or successive petition.

Signed this 28th day of March, 2007.

---

[1] Plaintiff previously raised these same claims against Defendants in a § 1983 complaint. *See Malone v. Attorney General, et al.*, 3:05-CV-788-N. On July 6, 2005, the Court dismissed the petition based on immunity and *Heck*.

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -4-

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -5-